(No. 11662.—Decree affirmed.)

ANNA A. WOLF, Appellee, *vs.* M. BEATRICE SCHWILL *et al.*
Appellants.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. BUILDING LINES—*words "fence or similar structure" do not need interpretation by expert testimony.* The words "fence or similar structure," enumerated among the exceptions from the restriction in a building line agreement, have no technical meaning, and the opinions of architects are not competent evidence on the question whether a brick structure is a fence.

2. SAME—*when brick structure not a fence.* A solid brick structure seven feet high and on a foundation eighteen inches thick is not a fence within the meaning of a building line agreement which permits the erection of a "fence or similar structure" beyond the building line.

3. CONTRACTS—*words are to be construed according to common usage.* Parties entering into an agreement are presumed to have used terms having no technical meaning in their common acceptation, and such words will be construed according to common understanding and common usage.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

STEIN, MAYER & STEIN, (SYNDEY STEIN, ELIAS MAYER, and SIGMUND W. DAVID, of counsel,) for appellants.

SCOTT, BANCROFT, MARTIN & STEPHENS, (JOHN E. MACLEISH, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Anna Wolf, is the owner of premises known as 345 Fullerton parkway, with a frontage of 55 feet on the parkway, improved by a residence, and worth from $50,000 to $60,000. M. Beatrice Schwill, one of the appellants, owns adjoining property on the west, known as 347-359 Fullerton parkway, with a frontage of 126 feet, on the east 53 feet of which is her residence. The front wall

of the residence of the appellee is 22 feet south of the north line of the premises, and the front wall of the residence of said appellant is about 18 feet south of the north line. The space between the two residences was vacant until October 15, 1916. All the grounds are subject to the restriction that "no building or erection of any kind or any part thereof, except only bay-windows, verandas, porches, fences or similar structure, shall be erected on any portion of said premises which lie between a line 18 feet south from the north line of said premises and parallel therewith and the said north line of said premises." The appellants, M. Beatrice Schwill and Julius Schwill, her husband, planned to convert the open space into an Italian sunken garden, and Julius Schwill applied to the building department of the city of Chicago for permission to erect around the same a structure described in the plans and specifications as "a wall for a fence," or "a wall." He obtained a permit to build "a brick wall 63'x160'x8'" around the vacant space. After notice from the appellee that the proposed erection was in violation of the building restriction, the appellants commenced building the wall on the Sabbath day, on October 15, 1916, and substantially completed it. The appellee obtained a preliminary injunction the next day enjoining the completion of the structure, but before the writ could be served the wall had been built. The wall is upon a foundation eighteen inches thick, extending below the ground surface about 3 feet, and the wall built on the same is about 7 feet high along the north line, with several columns 2 feet square, capped with cement blocks, and from 7½ feet to 8½ feet high. The bill was answered, with averments that the fence was made of pressed brick and was a structure of great beauty and adornment, and a denial that it constituted any violation of the building restriction but was within the meaning of the words "fence or similar structure," as defined in the dictionaries. The issue was referred to a master in chancery, who took the evidence and made

his report that the structure was a wall and not a fence or similar structure, and he recommended a decree enjoining the defendants from maintaining the wall and requiring them to remove that portion covered by the building restriction. The master overruled objections to the report, and the chancellor overruled the same, which stood as exceptions on the hearing, and entered a decree in accordance with the conclusions of the master. From that decree this appeal was taken.

The only disputed question was whether the structure was a wall or a fence or similar structure, and on that subject there was much testimony of architects contradicting each other with the usual readiness and alacrity both as to what constitutes a fence and what this structure was, but as the words "fence or similar structure" have no technical meaning and are not questions of art or science requiring the aid of fence-architects, their opinions were not competent evidence. Parties in entering into an agreement are presumed to have used terms having no technical meaning in their common acceptation, and the words are to be construed according to their common understanding and common usage. (*Stettauer* v. *Hamlin,* 97 Ill. 312; *Close* v. *Browne,* 230 id. 228.) Courts also look to the surrounding circumstances and will place themselves in the position of the parties. (*Matthews* v. *Kerfoot,* 167 Ill. 313; *Carroll* v. *Drury,* 170 id. 571.) The wall was neither a fence nor a similar structure. It is true that it would prevent ingress to the premises, but so would the wall of a building surrounding a court. It would prevent such ingress as a wall and not as a fence, and it would thwart the intention of the parties to the agreement to permit its erection within 18 feet of the north line of the premises.

The decree is affirmed.　　　*Decree affirmed.*