(No. 12688.—Reversed and remanded.)

ANNA A. WOLF, Appellant, *vs.* M. BEATRICE SCHWILL *et al.* Appellees.

*Opinion filed June 18, 1919—Rehearing denied October 10, 1919.*

1. CONTRACTS—*contracts will be construed, if possible, so as to give effect to the intention.* In construing a written contract it is proper, when the writing is not specific, to ascertain the circumstances surrounding the parties and the object they had in view, and effect will be given to the real intention whenever it can be done without violence to the plain meaning of the language used.

2. BUILDING LINES—*restriction will be enforced if the intent is clearly manifested.* In the interpretation of contracts imposing limitations and restrictions upon the use of property doubts are to be resolved against the limitation or restriction, but where the intent is clearly manifested by the language of the contract in view of the situation and circumstances, the restriction is uniformly enforced so as to carry out what the parties meant.

3. SAME—*erection of a fence defeating purpose of building line restriction not permitted.* The purpose of a building line restriction is to create an easement for unobstructed air, light and vision for the benefit of the owners of the property, and a party to the agreement will not be allowed to erect a fence of such proportions as defeats the manifest purpose of the restriction, although fences are in terms excepted therefrom.

THOMPSON, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

SCOTT, BANCROFT, MARTIN & STEPHENS, (JOHN E. MACLEISH, of counsel,) for appellant.

STEIN, MAYER & DAVID, (ELIAS MAYER, and SIGMUND W. DAVID, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By the decision in *Wolf* v. *Schwill,* 282 Ill. 189, this court affirmed a decree of the circuit court of Cook county enjoining the appellees, M. Beatrice Schwill and Julius

Schwill, her husband, from maintaining a wall erected on the north eighteen feet of the ground between their residence and that of the appellant, Anna A. Wolf, in violation of a building line restriction to which all the grounds were subject and requiring appellees to remove the same. The appellees complied with the decree by removing the brick wall but substituted a wooden structure consisting of eight box columns seven feet three inches high from the sidewalk line, with palings between, close together, six inches wide and six feet and three inches high from said sidewalk line. The columns at the base are about two feet square, the body twenty-one inches square and the cap twenty-four inches. For twenty-three inches above the sidewalk there is no opening. Above that there is a one and one-half inch opening part way to the top and the rest of the way there is one-half inch opening. Near the top there are round holes two inches across, and the edges of the palings are beveled where there are openings and the tops are beveled off. The appellant filed a supplemental bill to enjoin the appellees from maintaining this structure and to compel its removal. Upon a hearing the bill was dismissed for want of equity, and an appeal was allowed and perfected.

The building line restriction was quoted in *Wolf* v. *Schwill, supra,* and prohibits a building or structure of any kind within eighteen feet of the north line of the premises, except only bay windows, verandas, porches, fences or similar structures, and the present dispute is whether the wooden structure is within the terms of the restriction. It is not quite as high as the brick wall but accomplishes practically the same purpose. The record contains photographs offered in evidence by the respective parties illustrating the possibilities of the photographic art, one set representing a structure in great magnitude and towering proportions and the other a diminutive object, but there is no controversy as to the character or dimensions as given above. The argument for the appellees is that the structure is a fence and

therefore permitted by the covenant; that being a foot lower than the brick wall it does not cut off appellant's view as much as the wall did, and that appellant has not really been injured, because, while she before had an unobstructed view of the street and cannot see as much of it as she could before, her view then was across a barren spot of ground and now she can look into the Italian sunken garden, which must give her esthetic pleasure. Counsel are correct in saying that the wooden structure replacing the brick one is within the meaning of the word "fence," and so is a palisade or similar structure for the protection of an enclosure like a paddock or an amusement park, fair ground or similar place for public entertainment to which an admission fee is charged and where the object of the structure is to exclude the public generally and admit only those who pay the required admission fee. The covenant is to be interpreted, if possible, so as to carry out what the parties meant, and whether that kind of a fence was intended is to be determined by settled rules of law for the construction of contracts. In arriving at the intention of the parties where the language of a contract is susceptible of more than one construction, as in this case, it is to be construed in the light of the circumstances surrounding the parties, the nature and situation of the subject matter and the apparent purpose of making the contract. In giving an interpretation to a written contract it is always proper, when the writing is not specific, to ascertain the circumstances surrounding the parties and the object they had in view to ascertain the true meaning, and effect will be given to the intention wherever it can be done without doing violence to the plain and obvious meaning of the language employed. *Eldridge* v. *Rowe,* 2 Gilm. 91; *Tracy* v. *City of Chicago,* 24 Ill. 500; *Robinson* v. *Stow,* 39 id. 568; *Thomas* v. *Wiggers,* 41 id. 470; *Hayes* v. *O'Brien,* 149 id. 403; *Matthews* v. *Kerfoot,* 167 id. 313; *Carroll* v. *Drury,* 170 id. 571; *Brandenburg* v.

*Lager,* 272 id. 622; 2 Parsons on Contracts, 499; Bishop on Contracts, sec. 380; 6 R. C. L. 836; 13 Corpus Juris, 542.

In the interpretation of contracts imposing limitations and restrictions upon the use of the property doubts are to be resolved against the limitation or restriction, but where the intent is clearly manifested by the language of the contract in view of the situation and circumstances, the restriction is uniformly enforced. *Hutchinson* v. *Ulrich,* 145 Ill. 336; *Ewertsen* v. *Gerstenberg,* 186 id. 344; *Cochran* v. *Bailey,* 271 id. 145; *Voorhees* v. *Blum,* 274 id. 319.

The purpose of a building line restriction is to create an easement for unobstructed air, light and vision for the benefit of the owners of the property, and the property concerning which the restriction was made in this case is high-class residence property, which is improved with ornate and expensive residences. It is clear that the exception as to the erection of a fence or similar structure was intended to apply to fences of the character ordinarily in use and common to city property similarly situated, which would not materially frustrate the intention of the parties. It is beyond question that the parties to the restriction never thought of permitting such a thing as the structure erected by the appellees, interfering with a practically unobstructed view of the street. The purpose of the contract would be defeated if the appellees should be permitted to erect such a structure within the restricted area as that which has been erected in this case, which has practically the same effect as the brick wall. Whether Mrs. Wolf is compensated by the privilege of looking into a beautiful and artistic garden is immaterial, since she prefers to enforce her right under the covenant.

The decree is reversed and the cause remanded to the circuit court, with directions to grant the relief prayed for in the supplemental bill.

*Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting.