**INTERNATIONAL HOTEL CO. et al. v.**
**LIBBEY et al.**

No. 9160.

Circuit Court of Appeals, Seventh Circuit.

Dec. 28, 1946.

Rehearing Denied Jan. 28, 1947.

---

718

Leland K. Neeves, George E. Fink, Sherwood K. Platt, Arthur J. Goldberg, and Carl Devoe, all of Chicago, Ill., for appellants.

Warren H. Orr and Orr, Lewis & Orr, all of Chicago, Ill. (Wallace W. Orr and Haskell F. Lamm, both of Chicago, Ill., of counsel), for appellees.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiffs-appellees brought this action for a declaratory judgment to construe an operating agreement entered into between plaintiff the International Hotel Company, hereinafter referred to as the plaintiff, and the defendants for the operation of a hotel property in Chicago known as the Atlantic Hotel. This hotel is located on two lots designated as the Hanley property and on adjacent land designated as the Utilities Corporation property, both of which properties are under long term lease. The plaintiff is the owner of the lessee interest and the defendants are the owners of the lessor interest under the lease on the Hanley property.

The annual ground rental under the Hanley lease was $12,000 a year. On October 1, 1941 the plaintiff was in arrears in the amount of $16,550 in the payment of rent under the Hanley lease. On June 16, 1942 the operating agreement here in question was entered into between the defendants' predecessors in title as lessors and the International Hotel Company as lessee, to be effective as of October 1, 1941, by the terms of which the rent was reduced to $9,000 a year for a period from October 1, 1941 to December 31, 1951. Under this agreement the arrears of rent were not waived, but only the interest thereon. The plaintiff agreed to pay during this ten-year period, in addition to the $9,000 a year, a percentage rental equal to one-third of the net earnings derived by it from the operation of the Atlantic Hotel property. "Net earnings" were defined by Section Two, Paragraph 1 (a) and (b) of the operating agreement, which paragraph we set out in full in the margin.[1]

The plaintiff's complaint sought the construction of this operating agreement to determine what should be included in "all

---

[1] "(1) The term 'net earnings' as herein used shall mean the excess, computed upon an accrual basis, of all gross income of International arising from the

ordinary and necessary expenses." The complaint alleged first, that the income and excess profits taxes the plaintiff was required to pay the Federal Government and other taxes imposed on it by various governmental agencies should be included as "ordinary and necessary expenses"; secondly, by Paragraph 22 it alleged as follows:

"22. Because of the existence of the recent war, International was unable to obtain the necessary priorities and materials during the years 1942, 1943, 1944 and 1945 to make replacements of or additions and betterments to the buildings and equipment of the hotel in the full sum of Forty Thousand ($40,000.00) Dollars per year. International contends that these entire expenditures were necessary to keep the hotel in first class operating condition, and were prevented by acts entirely beyond its control, and, therefore, the International should be allowed to deduct the full unexpended portions of the sum of Forty Thousand ($40,-000.00) Dollars per year for each of said years 1942, 1943, 1944 and 1945 as a reserve for improvements in computing net earnings."

There was a third question of construction presented to the District Court, but it was disposed of in the court below to the satisfaction of the parties and that question is not before us.

An answer to the complaint was filed by the defendants in which they denied that the plaintiff has a right under the operating agreement to deduct as "ordinary and necessary" expenses the Federal income and excess profits taxes it has accrued on its books. The defendants categorically denied the facts alleged in Paragraph 22 of the complaint and the right claimed therein by the plaintiff to include as "ordinary and necessary" expenses the total sum of $40,-000 in each of the calendar years 1942, 1943, 1944, and 1945 for additions and betterments, although such total sum was not expended because of war conditions.

The cause was submitted to the court on the pleadings, a copy of the operating agreement, a copy of the material portions of the Hanley lease, a stipulation not here pertinent, and the briefs and arguments of both parties. The District Court made findings of fact, the essentials of which are set forth above except as we shall hereafter indicate with reference to the second point. On these findings, the court concluded that the operating agreement contemplated and authorized the inclusion of Federal income and excess profits taxes as "ordinary and

---

operation of the property demised by the Hanley lease and also the property leased by it from the Utilities Building Corporation over the aggregate total of the following:

"(a) All ordinary and necessary expenses of the Lessee, including rent and taxes to be deposited under the Utilities Building Corporation lease, as provided in that lease; taxes on the Hanley property, as herein required to be deposited with the Trustee (it is understood that each monthly payment required to be made to the Trustee for taxes on the Hanley property shall be accrued by the Lessee as of the last day of the month preceding the month in which such payment is to be made to the Trustee under the terms of this agreement), rent on account for the Hanley property at the rate of $750.00 per month, on and after October 1, 1941, to be paid on the first day of each month, but interest on any obligations of Lessee to other than trade creditors, and depreciation allowances, shall not be regarded as operating expenses; provided, however, that the Les-

see shall not pay compensation to all its officers, executives and general hotel managers, including Ernest C. Roessler and Frederick C. Teich, or their successor or successors, of more than Nine Thousand Six Hundred Dollars ($9,600.00) a year in the aggregate (exclusive of allowances of rooms, laundry, food and drinks for them and the members of their immediate families), and no greater salary shall be paid to them or to their successor or successors, except as authorized by the subsequent provisions hereof; and

"(b) All amounts expended for replacements of or additions and betterments to the buildings and equipment of the hotel; provided, that the Lessee shall not expend, without first obtaining written approval of Lessors, more than $40,000.00 in any calendar year for repairs, maintenance, replacements, additions and improvements to the property, not including repairs, replacements and additions to china, crockery, glassware, silverware, linen, cotton goods, uniforms and kitchen and bar utensils, which latter shall be considered ordinary operating expenses."

necessary" expenses in determining net earnings. Secondly, the court found that war conditions prevented the plaintiff from making expenditures up to $40,000 a year for the additions and betterments to the hotel property which the court found were necessary and which the plaintiff was obligated under the Hanley lease to make; and that the plaintiff could include as "ordinary and necessary" expenses the amounts accrued and reserved but not expended during the war years up to a maximum of $40,000 a year. From a judgment incorporating the above conclusions, the defendants appeal.

The sole questions for our determination are whether the plaintiff in arriving at "net earnings" may deduct as "ordinary and necessary" expenses, first, the Federal income and excess profits taxes, and secondly, the sums reserved and not expended for additions and betterments up to $40,000 for each of the war years.

■ As to the first question. The agreement itself defines "net earnings" to be the amount left from gross income after deducting ordinary and necessary operating expenses, which were to include taxes on the Hanley and Utilities properties and the amounts expended up to $40,000 a year for additions and betterments to the hotel property—not that these items especially included by the terms of the operating agreement were not themselves "ordinary and necessary" expenses but that the parties intended to indicate more fully how these expenses were to be handled. Nothing was said in the operating agreement about any other taxes of the State or Federal Governments. We know judicially that the plaintiff may have to pay Federal income and excess profits taxes. They are not excluded from "ordinary and necessary" expenses by the agreement nor does the special treatment of the property tax in the operating agreement indicate that the latter's inclusion meant the exclusion of all other taxes. We agree with the District Court that Federal income and excess profits taxes are properly included in "ordinary and necessary" expenses incurred in the business. The property could not be operated successfully without the payment of such taxes. They are as much an ordinary and necessary expense as the property tax. They are

a burden of operating the property. Such taxes are to be expected in the regular course of business. Therefore, they are ordinary. If the operation incurs the taxes, they must be paid to continue the operation and are a necessary expense. The cases so hold. Neeson v. Sangamon County Mining Co. et al., 316 Ill. 397, 147 N.E. 369; Ransome Concrete Machinery Co. v. Moody, 2 Cir., 282 F. 29; Fleischer v. Pelton Steel Co. et al., 183 Wis. 451, 198 N.W. 444.

■ As to the second proposition, we cannot agree with the judgment of the District Court. True, the operating agreement, Section Two, Paragraph 1, provides: "The term 'net earnings' as herein used shall mean the excess, computed upon an accrual basis * * *" but (b) of the same paragraph treats especially of replacements, additions, and betterments to the buildings. Subparagraph (b) speaks of the amounts *expended* in a calendar year within a certain limit. Nothing is said about accruing $40,000 a year for additions and betterments to the property. The court does not find or hold that this Paragraph 1 of Section Two provides for accruing the sums necessary for additions and betterments. The court states that inasmuch as the plaintiff, because of Government restrictions and wartime scarcities, could not expend $40,000 a calendar year during the war years for additions and betterments, the plaintiff should be permitted to accrue and reserve the sums in excess of the expenditures made up to $40,000 in any calendar year. If there had been no war to interfere, would the accruals be allowed? We think not. Does the war's interference change the express provisions of the contract that the allowances shall be made for expenditures? The obligation to make the expenditures arises under the Hanley lease and is for the benefit of the lessors. They have not complained that the plaintiff did not make expenditures in greater amounts during the war years. No one has claimed a breach of that covenant of the lease that would entitle the plaintiff to interpose the defense of impossibility of performance because of Government regulations and war time interference. The plaintiff raises the excuse, not in defense of its failure, if failure there were, to perform its obligations under the lease, but in

order to change the plain meaning of the words used by the parties in the operating agreement that charges made for additions and betterments must have been expended. The plaintiff will not be permitted thus to alter the plain meaning of the terms of the operating agreement. Engelstein v. Mintz, 345 Ill. 48, 60, 177 N.E. 746, 752; Wolf v. Schwill et al., 282 Ill. 189, 191, 118 N.E. 414, 415; Shell Oil Co., Inc. v. Manley Oil Corp., 7 Cir., 124 F.2d 714, 715.

The fact that net earnings are to be computed on an accrual basis does not mean that every authorized expenditure within limits in the operation of the business must be accrued up to the maximum in each year, whether the expenditure is made in that year or not, especially when the subsequent provisions of the agreement, as here, indicate a contrary intention.

There is another reason why the District Court's judgment cannot be sustained on this record as to the second question. There was an issue presented by Paragraph 22 of the complaint and denial thereof in the answer. That issue was, first, was it necessary to expend for additions and betterments to the hotel property more than was expended in order to meet the plaintiff's obligations under the Hanley lease? Secondly, was the plaintiff prevented by Government restrictions and shortages of materials from performing its obligations under the covenants of that lease?

There is not a scintilla of evidence in this record on this issue. The District Court found as follows:

"Under the Hanley lease, Lessee is obligated to keep the 'buildings in good repair and condition', so that the payment of rent and the performance of other obligations may not be impaired. On account of the scarcity of materials and supplies during the war, as well as government restrictions and priorities, it was impossible for Lessee to make the repairs and replacements necessary to maintain the hotel property in good and first-class operating condition as required of it under the Hanley lease."

■■ There is no evidence to support this finding. It is in substance the allegations of Paragraph 22 of the complaint, which are denied by the answer. Even if the operating agreement were capable of the construction the District Court gave it with reference to this second question, which we hold it is not, the plaintiff wholly failed to bring forth any evidence in support of the facts which it contended authorized such a construction of Paragraph 1 (b) of Section Two of the agreement. When an issue of fact is tendered by the complaint and denied by the answer, the plaintiff must prove its complaint, even though it is a complaint for a declaratory judgment. Reliance Life Insurance Co. v. Burgess, 8 Cir., 112 F.2d 234, 237, 238; Thompson et al v Baltimore & O. R. Co. et al., D.C., 59 F. Supp. 21, 28.

The unexpended sums up to $40,000 for each calendar year could not be accrued in a reserve to be afterwards expended by the plaintiff for additions and betterments, and the District Court was in error in so construing the operating agreement.

For this reason, the judgment of the District Court is reversed, and the cause is remanded with instructions to enter judgment in accordance with this opinion.