Robert **FITZSIMMONS** et al., Plaintiffs,

v.

**GREATER ST. LOUIS SPORTS ENTERPRISES, INC.,** et al., Defendants.

Civ. No. 4758.

United States District Court,
S. D. Illinois, S. D.

May 7, 1974.

---

[1]. In *Dairy Queen,* cited *supra,* Justice Black writing for the Court, stated:

> "The respondents' contention that this money claim is 'purely equitable' is based primarily upon the fact that their complaint is case in terms of an 'accounting' rather than in terms of an action for 'debt' or 'damages.' But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in Beacon Theatres, the absence of an adequate remedy at law. Consequently, in order to maintain such a suit *on a cause of action cognizable at law, as this one is,* the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them. In

view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone, the burden of such a showing is considerably increased and it will indeed be a rare case in which it can be met. But be that as it may, this is certainly not such a case. A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two. The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records." 369 U.S. 477–479, 82 S.Ct. 899. [emphasis added].

 

Ensel, Jones Blanchard & LaBarre, Springfield, Ill., Robert A. Schnur, Milwaukee, Wis., for plaintiffs.

John W. Hoefert, Alton, Ill., for Godfrey State Bank of Godfrey.

Schwarz & Self, Jerseyville, Ill., for Jersey State Bank.

## MEMORANDUM AND ORDER

HARLINGTON WOOD, Jr., District Judge.

This case is before this Court on Plaintiffs' Motion for a Partial Summary Judgment limited to the issue of liability. Defendant Godfrey State Bank filed a Cross Motion for Summary Judgment. Defendant Jersey State Bank filed a "statement in opposition" to Plaintiffs' Motion for Summary Judgment. Defendant Greater St. Louis Sports Enterprises, Inc., did not file a response to Plaintiffs' Motion.

A Motion for Summary Judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure is to be granted only when there is no issue of material fact to be tried. The Court of Appeals for the Seventh Circuit has recently discussed the correct view of the procedure:

"As a procedural matter, granting summary judgment, while a drastic remedy, is a wholesome one where applicable to the circumstances. It is never warranted except on a clear showing that no genuine issue as to any material fact remains for trial. Shultz v. Manufacturers and Traders Trust Company, 1 F.R.D. 451 (W.D. N.Y.1940). If the pleadings and proof in the form of depositions, affidavits and admissions on file disclose that no real cause of action or defense exists, the court may determine there is no issue to be tried and may grant a summary judgment." Mintz v. Mathers Fund, Inc., 463 F.2d 495, 498 (7th Cir. 1972)

**622**

■■ Defendant Jersey State Bank's "statement in opposition" is insufficient to resist the motion for summary judgment. ". . . an adverse party may not rest upon the mere allegations or denials of his pleading . . ." Rule 56(e) F.R.Civ.P. Saunders v. National Basketball Association, 348 F. Supp. 649 (N.D.Ill.1972). It appears that the only conflict here concerns the legal consequences of undisputed facts. Under such circumstances, the Court may properly grant summary judgment. Paul v. United States, 334 F.Supp. 1138, 1140 (S.D.Ill.1971).

■ This Court finds that there is no issue of material fact to be tried and this case, therefore, is appropriate for summary judgment.

This action arises out of an abortive bowling tournament promoted by the Defendant, Greater St. Louis Sports Enterprises, Inc. The Defendant banks essentially "guaranteed" to the promotors and the American Bowling Congress that the prize money offered to the participants would be paid to the final winners at the direction of the ABC upon completion of the tournament.

The ABC sanctioned the tournament, all participants paid an entrance fee, and the first level of competition was held. Prior to the regional and final competition, however, the tournament was cancelled. Obviously, no winners were ever selected. This suit was brought against the Defendant promotors and banks by the Plaintiffs as representatives of the class of bowlers who progressed past the first round competition.

The Plaintiffs argue that the banks agreed to assume the contractual liability of Greater St. Louis Sports Enterprises, Inc. The Plaintiffs also assert that they are creditor beneficiaries of a third party beneficiary contract between the two bank Defendants and the Defendant, Greater St. Louis Sports Enterprises, Inc. The Plaintiff bowlers argue that as creditor beneficiaries, they acted to their detriment in reliance upon this bank-promotor contract. Therefore, the Plaintiffs argue, the contract may not be rescinded by the banks as a matter of law.

The Defendant Godfrey State Bank bases its attack on the Plaintiffs' Motion for Summary Judgment on several different grounds. The Bank forcefully argues the following positions: (1) The "arrangement" between the bank and the promotor was in no way intended to benefit the bowlers and, thus, the Plaintiffs are no more than incidental beneficiaries; (2) The Plaintiffs have not sufficiently established that a class action is appropriate in this case, nor have they established that a class capable of precise definition does exist; (3) Even if a contract did exist, it was executory in nature and subject to conditions which never arose and, due to the material breach of any such contract by Greater St. Louis Sports Enterprises, the contract is now void and unenforceable.

There is 'no need for this Court to reach either the issue of the Plaintiffs' status, if any, as third party beneficiaries or the issue of the propriety of the class action on the part of Plaintiffs if the Defendants' asserted defenses to the underlying contract are valid.

The Plaintiffs assert that the correspondence and documents which constitute the arrangement do not specifically state that the banks' obligation to provide prize money terminated if the tournament finals were postponed or cancelled. The Court must employ the traditional rules of· contract construction to determine the intent of the parties.

The Plaintiffs cite the Illinois Supreme Court in Wolf v. Schwill, 289 Ill. 190, 192, 124 N.E. 389, 390 (1919) for the following principle of contract interpretation:

"In giving an interpretation to a written contract, it is always proper, when the writing is not specific, to ascertain the circumstances surround-

ing the parties and the object they had in view to ascertain the true meaning, and effect will be given to the intention wherever it can be done without doing violence to the plain and obvious meaning of the language employed." Plaintiffs' Reply Memorandum to Defendant Godfrey State Bank's Motion for Summary Judgment, p. 13. See also Green v. Aerosol Research Company, 374 F.2d 791, 794 (7th Cir. 1967).

After setting forth the details of the bank-promotor "arrangement", the Plaintiffs state:

" . . . it can be clearly seen that the purpose of the arrangements was that the bowlers could look to the reliability, integrity and credit of the Bank rather than that of Enterprises." Plaintiffs' Reply Memorandum to Godfrey State Bank's Motion for Summary Judgment, p. 13.

The Court cannot agree. The purpose of the arrangements was that the bowlers could look to the credit of the Banks rather than that of Enterprises *for prize money after the contest was completed.*

The Defendant Banks did not guarantee the performance of the tournament; they guaranteed only that the promised prize money would be available to the eventual winners. To expand the Banks' liability to include liability either for paying money out to the bowlers who had not been selected as winners or for completing the tournament if the original promotors were unable to do so, does violence to the original intent of all parties involved.

The preconditions to the Banks' obligation to pay out the prize money to the tournament winners never occurred. No winners were ever selected; no authorization from the American Bowling Congress was ever received. In addition, the contention of the Plaintiffs that the time of the tournament was not material to the performance of the Banks' obligation, and thus the "postponement" could not affect its obligation is without merit. The surrounding circumstances do not support this contention.

The Motion of the Plaintiffs for Partial Summary Judgment on the issue of liability was allowed as to the Defendant Greater St. Louis Sports Enterprises, Inc., on November 13, 1973. The same motion is denied as to the Defendant Godfrey State Bank and Jersey State Bank. The Motion of Godfrey State Bank is granted. The bank Defendants are discharged.