Thomas Lewis GREEN, Jr.

v.

Honorable Judge Ernest W. BALLOU et al (two cases).

Thomas Lewis GREEN, Jr.

v.

Sheriff Norman SPRINKLE et al.

Thomas Lewis GREEN, Jr.

v.

Gilbert W. HAITH et al.

Civ. A. Nos. 74–C–229–R, 74–C–236–R, 74–C–241–R and 75–C–2–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 30, 1975.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

Thomas Lewis Green, Jr. has filed several actions against various state officials. He is being detained pursuant to judgments of the Circuit Court for the City of Roanoke which on March 22, 1973 convicted Green on two separate counts of forgery and uttering. Green entered a plea of guilty to all the charges and was sentenced to two years in the penitentiary on each charge, the sentence to run consecutively. The sentences were suspended for a period of five years and he was placed on probation. On July 17, 1974, the probation was revoked and he was ordered to serve the total four year term. The reason for this revocation was Green's arrest and conviction for Grand Larceny as well as his failure to observe the conditions of probation.

Green asserts in his complaints many grounds for relief. Although his complaints are unclear and at times illegible, this court has considered them as motions for injunctive and monetary relief pursuant to 42 U.S.C. § 1983. Jurisdiction vests in this court under 28 U.S.C. § 1343.

■ Green's first contention seems to relate to his need for a transcript of his state court proceedings. It is unclear of which state court proceedings he is seeking a transcript. However, since Green's counsel has been furnished with a copy of the transcript of the probation revocation hearing for an appeal to the Virginia Supreme Court, which is presently pending, Green has made no showing of need. With respect to other proceedings, Green has made no showing of need other than his desire to inspect the transcript. Such a showing is inadequate. Green further states that his lawyer will not allow him to inspect the trial transcript in the lawyer's possession. Although this court believes that a lawyer should afford a client such an opportunity, there is no constitutional deprivation suffered in the absence of such an opportunity. As an embellishment of this claim, Green asserts inadequate representation of counsel at the hearing. Since such a claim is cognizable only in a habeas corpus proceeding and since plaintiff has yet to exhaust his state court remedies, his appeal to the Virginia Supreme Court is currently pending, this court cannot presently consider this claim.

Green next contends that the state courts are resisting this court's order that all state court records be forwarded to this court. This is clearly without merit, as this court is presently in receipt of such records.

■ Green also contends that he has been transferred from Roanoke City Jail to the Botetourt County Jail in retaliation for his filing complaints in this court. Green is presently temporarily housed in Botetourt Jail awaiting transfer to the Virginia State Penitentiary where he will serve the remainder of his sentences for felony convictions. Although this court takes an extremely dim view of any efforts by state officials to obstruct a prisoner's access to the courts, it cannot say that such a transfer from one jail to another, both temporary, until transfer to the penitentiary, was retaliatory; or if such a transfer was in fact motivated by Green's filing of writs, such action did not inure to the injury of Green or have such a deterrent effect upon filing complaints as to be cognizable as a claim in this court.

Green also wishes an explanation of why mail is not delivered or sent out on weekends at the Roanoke City Jail. The answer to this question will not come from this court as it has no interest in resolving such issues. There is no allegation that Green has been denied access to the mail or that his mail is being censored. His inquiry relates to an area of administrative detail in which this court has neither authority or desire to act.

Green received sentences on two separate convictions to run consecutively. He requests that this court require such sentences to run concurrently. Whether sentences are to run consecutively or concurrently is within the discretion of the trial judge. This court has no power to review this decision unless in violation of some constitutional prescription. No such violation appears present in this case and this relief must be denied.

Green also wishes this court to order the state trial court to replace his present court-appointed counsel with counsel of his own choice. Such a decision is within the discretion of the state court and not this court. This court, therefore, has no such authority and this relief must also be denied.

Green asserts several attacks upon his state court proceedings, including attacks upon the sufficiency of evidence, the truthfulness of statements made by witnesses, and the voluntariness of his guilty plea. These matters are properly considered only in a habeas corpus proceeding and therefore cannot be considered until Green has exhausted his state court remedies.

For the above reasons, these cases are dismissed. The plaintiff is advised that he may appeal his decision to the United States Court of Appeals for the Fourth Circuit by filing with this court a notice of appeal within thirty (30) days from the date of this judgment.