Richard Lee OWEN II and
David Spencer

v.

Cloid SHULER, Charles Adkins
and Marian Miller.

No. S 77–153.

United States District Court,
N. D. Indiana,
South Bend Division.

Oct. 7, 1977.

**6**

Richard Lee Owen, II, pro se.

Theodore L. Sendak, Atty. Gen. of Indiana, Kermit R. Hilles, Deputy Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

Plaintiffs allege that their sixth amendment rights of access to the courts and communication with attorneys have been violated by a temporary prison policy of checking legal mail for contraband, and request injunctive relief and damages. Plaintiffs establish in rhetorical paragraph 4 of their complaint that venue is proper in the

Southern District though the complaint was filed in the Northern District.

■ This complaint is moot since, from the complaints and attachments, it appears that the practice complained of was stopped in April, 1976, sixteen months before the complaint was filed. The only instances alleged in the complaint concern mail received in March and early April, 1976. There is no allegation that this practice has continued to the present. The wording of the complaint establishes that this was not an on going procedure and that it has been discontinued. The attached documents also support this view. The complaint indicates past conduct, now discontinued, when it refers in paragraph 24 to "During the time that the prison was opening legal mail . . . ." The attached letter of defendant Shuler, dated April 14, 1976, states that "We did open for a very short period of time attorneys' mail to determine if it contained contraband . . .", and Warden Jenkins' letter refers to it as a "temporary procedure."

■ Thus there is no allegation that this practice is still in effect and apparently it had not been in effect for approximately sixteen months before the complaint was filed. "In order for a federal court to exercise its judicial power, an actual case or controversy must exist at each stage of review and not only at the time the complaint is filed. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)"; *Mawhinney v. Henderson*, 542 F.2d 1 at p. 2 (2d Cir. 1976). In this case the actual controversy will not exist at every stage of review since it did not even exist at the time the cause was filed. Where injunctive relief is sought, and the practice or regulation complained of has been clarified to conform to the request, such aspect of the complaint is moot. *Peterson v. Davis,* (D.C.Va.1976) 415 F.Supp. 198. Thus at least as far as injunctive and declaratory relief is concerned, the issue raised in this complaint is moot. In addition plaintiffs have not alleged that they suffered any actual harm or damages from

these incidents. Plaintiffs have not been deprived of access to the courts, access to attorneys or any other federally protected right, and have suffered no harm from defendants' actions.

Even if this cause is not moot, plaintiffs fail to state a cause of action upon which relief may be granted. The order in *Aikens v. Lash,* 371 F.Supp. 482 (N.D.Ind. 1974) referred to by plaintiffs in paragraphs 22 and 23 of their complaint states that:

At any such time as the prison authorities may have reasonable grounds to believe that any piece of attorney-client or client-attorney mail may contain contraband of any kind, then and only then may a prison official open such item of mail, *but only in the immediate presence of the inmate involved,* and such item of mail shall at that time be promptly handed over to the said inmate, all without reading, censoring, copying, or further interfering with the prompt deliverance or transmission of such item of mail. *Aikens v. Lash,* 371 F.Supp. 482 (N.D.Ind. 1974) at p. 487. (emphasis part of original)

Thus prison officials are allowed by the terms of this opinion to open legal mail if they have reasonable grounds to believe it may contain contraband and they follow prescribed procedural safeguards.

There is no allegation in the complaint that the prison authorities did not have reasonable grounds, and the attached letters of defendant Shuler and Warden Jenkins establish their belief that there were reasonable grounds for these actions. There is also no allegation that the procedural safeguards mandated by *Aikens v. Lash* were not complied with. In fact the terms of the complaint establish that the mail was opened in the presence of the inmates and there is no indication that any of plaintiffs' material was ever read, censored or copied. The attached letters also indicate that the terms of *Aikens v. Lash* were complied with.

Plaintiffs do contend that there was unreasonable delay in delivery of legal mail but the facts alleged fail to raise a question of constitutional proportions. The only allegation advanced is that mail delivered to the prison in the afternoon wasn't passed out until the next day and mail received Friday afternoon was not disseminated until Monday. These are de minimus delays unavoidable in any large institution. So long as a delay in mail delivery is not unreasonable, it does not reach constitutional dimensions. *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Fore v. Godwin,* 407 F.Supp. 1145 (W.D.Va.1976).

The delays cited in this complaint are not unreasonable given the time and personnel required to sort the large amounts of mail received at the prison daily and to notify inmates and conduct them to the department where legal mail is disbursed. Courts have held that overnight delays, *Fore v. Godwin, supra,* and weekend delays, *Green v. Ballou,* 391 F.Supp. 806 (W.D.Va.1975) do not constitute unreasonable delays in mail delivery.

Also, the opinion in *Aikens v. Lash* is explicitly directed toward attorney-client or client-attorney mail. The only legal mail specifically alleged to have been opened was mail from the State Attorney General to plaintiffs. The Attorney General and plaintiffs are not in an attorney-client relationship so this portion of the opinion does not apply to this cause. In fact since the Department of Correction is a client agency of the Attorney General, the contents of such mail would be available to prison authorities if it concerned a controversy between plaintiffs and prison officials, whether the items were opened or not and plaintiffs have suffered no damages from the complained of events.

Thus even if the allegations of this complaint are accepted as true, they do not state a claim upon which relief can be granted. The question is moot at least as to injunctive and declaratory relief, and no damages have been alleged or established by the facts. Even if the cause is not moot, there is no allegation that there were not reasonable grounds for these actions, the

procedural requirements of *Aikens v. Lash* were complied with, and plaintiffs suffered no damage or harm.

This case is now dismissed.