## Billy D. LUCAS, Plaintiff,

v.

## MEMBERS OF BENTON COUNTY BOARD OF COMMISSIONERS, Members of County Council, Benton County, Lawrence A. Wiemken, Sheriff, Benton County, Defendants.

## Civ. No. L 81–55.

United States District Court,
N. D. Indiana,
Hammond Division.

Feb. 4, 1982.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

Plaintiff's verified complaint was filed on August 10, 1981 and purports to allege claims under 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. §§ 2201 and 2202. Claims are also asserted under the Fifth, Eighth and Fourteenth Amendments. While this complaint has been filed *pro se,* it facially reflects a knowledge of the proper format for the filing of such a complaint. The complaint is in compliance with the Federal Rules of Civil Procedure (hereinafter F.R. Civ.P.) and the relevant local rules pertaining to such claims. Plaintiff has also filed an elaborate and extensive twenty-nine (29) page brief and an eleven (11) page responsive memorandum both on September 22, 1981. The plaintiff herein has demonstrated a detailed understanding of both the substantive and procedural law that pertains to this claim.

On September 11, 1981 the defendants filed both a motion for summary judgment under F.R.Civ.P. 56. This Court elects to act on this matter under Rule 56 as indicated at the close of the hearing on these matters which was held with the plaintiff present in Lafayette, Indiana on November 17, 1981. The plaintiff's claim here relates only to the period between September 12, 1980 and November 3, 1980 when the plaintiff was a pre-trial detainee in the Benton County, Indiana jail.

This Court has had occasion to deal extensively with the rights of pretrial detainees. *See Lock v. Jenkins,* 464 F.Supp. 541 (N.D.Ind.1978); affirmed in part, reversed in part, 641 F.2d 488 (7th Cir. 1981). And the Court is quite familiar with the teaching of *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) and its progeny.

This Court is well aware of the admonitions of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) in regard to the preference which a *pro se* plaintiff is entitled. Further, the Court notes here the presumptions that must be indulged in favor of a plaintiff who opposed a motion under Rule 56. Considering this record in a light most favorable to the plaintiff, there are no genuine issues as to any material fact and the defendant is entitled to judgment as a matter of law. Plaintiff has totally failed to demonstrate any claim of constitutional magnitude.

At the hearing held in this matter on November 17, 1981, the Court dismissed plaintiff's claims in regard to dental care, lack of access to a law library and a claim for punitive damages. The plaintiff's bare allegation that there is not dental care for pretrial detainees is not even arguably within the ambit of *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The law library claims are well beyond the conceptual reach of *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Nor has there been any allegation of malicious intent or bad faith to support a claim for punitive damages in light of the standards enunciated in *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). The dismissal of the aforementioned claims stands.

*Estelle, supra,* requires a showing of "acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need." 429 U.S. at 106. Plaintiff's allegations fail as to both severity and deliberate indifference. *See Hendrix v. Faulkner,* 525 F.Supp. 435 (N.D.Ind.1981). Nor is there any claim stated with reference to mail regulations which would violate the principles announced in *Procunier v. Martinez,* 416 U.S. 396 (1974). *See Owen v. Shuler,* 466 F.Supp. 5 (N.D.Ind.1977).

In regards to visitation the United States Supreme Court has recognized that prison officials must be accorded great latitude due to security and administrative concerns. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Here reasonable and effective means of communication between the pretrial detainee and his visitors remain open. The visitation rules and practices at the Benton County Jail are well within constitutional limits. *See Miller v. Carson,* 563 F.2d 741, 749 (5th Cir. 1977).

The provisions for recreation in regard to short term pretrial detainees, while perhaps not ideal are well within the constitutional standards as announced in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

This plaintiff has here demonstrated a wide ranging knowledge of the emerging law with reference to prisoners rights. Much of that law grew out of a factual context infinitely worse than anything that is here alleged in regard to the Benton County Jail. One does not need to be a genius to know that the Benton County Jail at its worst is light years away from the Tooms in New York or maximum security prisons in Alabama, Arkansas, or Oklahoma. It is prudent judicial policy to consider the factual setting in which a rule of law emerges. Most of the rules that the plaintiff argues for here in regard to recreation grew out of a factual setting vastly different than that present in the Benton County Jail. To be sure, the Constitution applies in the Benton County Jail as well as the Tooms. In this case the plaintiff has simply failed to demonstrate a violation of his constitutional rights during the six weeks he was a pretrial detainee there.

Since the proceedings held on November 17, 1981 this Court has had a chance to carefully and fully examine a complete transcript of those proceedings and to again review the entire record in this case. It is now the conclusion of this Court that it would place an undue and unnecessary burden upon those defendants to require them

to make further defense on the merits of claims that are not arguably violations of the Constitution.

The defendants' motion for summary judgment is GRANTED both in their official and individual capacity. SO ORDERED.