575 F.Supp. 1491 (1983)
Donald Eugene ODOM, Plaintiff,
v.
Edward F. TRIPP, Defendant.
No. 82-1850C(3).
United States District Court, E.D. Missouri, E.D.
December 9, 1983.
*1492 David C. Howard, St. Louis, Mo., for plaintiff.
Richard L. Constance, Asst. City Counselor, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This action arises out of a 42 U.S.C. § 1983 claim wherein plaintiff, a former pretrial detainee at the St. Louis City Jail, alleges he was damaged by the jail's administrative policy of no mail delivery on Saturdays. Plaintiff seeks declaratory relief as well as damages. Both parties move for summary judgment.
In his motion for summary judgment, plaintiff argues defendant's policy of not delivering mail on Saturdays is a violation of his first and fourteenth amendment rights. Plaintiff further argues defendant's mail restriction is arbitrary, baseless, and overly broad, and thereby amounts to punishment of pretrial detainees in violation of the due process clause.
Defendant argues in his summary judgment motion that his policy of not delivering mail on Saturday is a de minimus delay and does not rise to the level of a constitutional violation.
In order to prevail on a motion for summary judgment, the burden is on the moving party to establish beyond controversy that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Roberts v. Browning, 610 F.2d 528 (8th Cir.1979). As the Eighth Circuit stated in Roberts, id. at 531, "[s]ummary judgment is a harsh remedy and should be granted sparingly. On the other hand, courts should not be unreasonably niggardly in its use lest the purpose of the rule, which is to avoid needless trials, be defeated."
Disputes entailing material facts are not proper cases for summary judgment. Pierson v. Grant, 527 F.2d 161, 165 (8th Cir.1975). Facts are said to be material where they constitute a legal defense, or their existence or nonexistence might affect the result of an action, or when the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. See generally Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2725 at 89-95 (2d ed. 1983).
It is not every uncertainty or dispute or every failure of the parties to agree which precludes the disposition of a case by summary judgment. Where the determinative facts are without dispute or are clearly established by the record so that one of the parties is shown to be entitled to judgment as a matter of law, it is the duty of the Court to grant summary judgment accordingly; this notwithstanding that there may be a dispute as to immaterial points.
Burton v. United States, 139 F.Supp. 121, 124 (D.Utah 1956). Similarly, where the *1493 only remaining conflict between the parties concerns the legal consequences of undisputed facts, summary judgment is clearly appropriate. Fitzsimmons v. Greater St. Louis Sports Enterprises, Inc., 63 F.R.D. 620, 622 (S.D.Ill.1974).
The facts of the instant case are essentially not in dispute. Mail delivered to the jail on Saturday is not distributed to the detainees until Monday. By way of explanation, defendant states that the administrative offices are closed on Saturday, so there is no one to inspect the mail for contraband. Governmental censorship or concern with the contents of the mail is not in issue. Plaintiff's claim turns on whether it is a violation of his first and fourteenth amendment rights for the defendant to deliver Saturday's mail on Monday.
The Courts are clear that an administrative decision by prison officials to withhold or delay the distribution of uncensored mail to prisoners simply does not rise to the level of a constitutional violation so long as the delay is a reasonable one. Owen v. Shuler, 466 F.Supp. 5, 7 (N.D.Ind.1977), aff'd, 594 F.2d 867 (7th Cir.1979); Engblom v. Carey, 522 F.Supp. 57, 70 (S.D.N.Y. 1981), aff'd in part, rev'd in part on other grounds, 677 F.2d 957 (2d Cir.1982); Green v. Ballou, 391 F.Supp. 806, 808 (W.D.Va. 1975).
While the courts have not specifically construed what would constitute an "unreasonable" delay, they have held a weekend delay in distribution, from as long as Friday to Monday, would be considered a "reasonable" delay. Owen v. Shuler, supra, 466 F.Supp. at 7; Green v. Ballou, supra.
The courts have shown a similar willingness to uphold reasonable mail restrictions in pretrial detainee cases. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (upheld prohibition on receipt of packages); Lucas v. Members of Benton County Bd. of Commissioners, 531 F.Supp. 146, 147 (N.D.Ind.1982) (court applied standards for prisoner mail rights to detainees). Plaintiff's second claim of a due process violation stems from the fact he was a pretrial detainee rather than a prisoner. The distinction can be important. A prisoner may be punished in any fashion not cruel and unusual, whereas the due process clause forbids punishment of a person held in custody awaiting trial. Bell v. Wolfish, supra 441 U.S. at 533-34, 99 S.Ct. at 1870-71. Plaintiff argues that the delay in the distribution of Saturday's mail until Monday rises to the level of "punishment" because it is excessive in relation to its purpose.
The court in Bell articulated a method of inquiring whether a restriction imposed upon a pretrial detainee amounts to punishment. Courts are first required to inquire whether there is an intent to punish. Bell, supra at 537-38, 99 S.Ct. at 1873. Under the instant set of facts, plaintiff does not challenge that the delay aids in the prison's administration. Plaintiff argues the mail restriction is overly broad. He does not claim there is an intent to punish, only that the effect is punitive. This Court, therefore, concludes there is no intent to punish.
Upon a finding of no intent to punish, the court in Bell next directs this Court to inquire if the restriction is "reasonably related" to a legitimate non-punitive governmental objective. Id. at 539, 99 S.Ct. at 1874. In light of the previously cited prisoner mail cases, as well as the federal court's traditional policy of granting prison officials broad latitude in dealing with the problems of prison administration, Procunier v. Martinez, 416 U.S. 396, 404, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974), this Court finds that a weekend delay in mail distribution is "reasonably related" to a non-punitive governmental objective.
Finding plaintiff has not asserted a constitutional claim, he therefore may not avail himself to the remedies provided by 42 U.S.C. § 1983. See generally Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52, 90 S.Ct. 1598, 1604-05, 26 L.Ed.2d 142 (1970). This Court further finds there are no genuine issues as to material facts or questions of law and defendant is entitled to summary judgment as a matter of law.
Plaintiff's cross-motion for summary judgment will be denied.