[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2088

 HARRY D. BARNETT,

 Plaintiff, Appellant,

 v.

 COMMISSIONER, NH DEPARTMENT OF CORRECTIONS, ETC., ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Harry D. Barnett on brief pro se.

June 17, 1999

 Per Curiam. Plaintiff-appellant Harry D. Barnett, a
New Hampshire state prisoner proceeding in forma pauperis and
pro se, appeals from the sua sponte dismissal of his complaint
for failure to state a claim. See 28 U.S.C. 1915A(b)(1). 
For the following reasons, we vacate, in part, but otherwise
affirm.
 In his complaint, Barnett asserts claims against
various prison officials based on alleged cessation of a kosher
diet, improper handling of attorney mail (including an
allegation that prison officials delayed delivery and read
privileged mail), and denial of meals. Barnett subsequently
sought leave to amend his complaint. The proposed amended
complaint sought to correct various omissions, to supplement
the improper-handling-of-mail claim with two new alleged
instances that had occurred since the filing of the complaint
(this time, alleged improper handling of court mail, rather
than attorney mail), and to add a totally new claim under the
Americans With Disabilities Act, 42 U.S.C. 12101, et seq. 
 A magistrate judge ("magistrate") recommended that
the complaint be dismissed for failure to state a claim. The
magistrate subsequently denied the motion to amend for failure
to comply with Loc. R. 15.1(a) which requires litigants, in
motions to amend, to identify all that is new and explain why
it was not included in the prior filing. The district judge,
after review of Barnett's objections to the magistrate's
report, adopted the magistrate's recommendation of dismissal.
 Barnett argues that the magistrate judge applied an
overly stringent standard in evaluating his complaint, and
that, in any event, he should have been permitted to amend his
complaint to cure any deficiencies. The circuits are divided
over whether the Prison Litigation Reform Act ("PLRA")
eliminates discretion to permit amendment to avoid dismissal. 
Compare McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir.
1997) ("Under the Prison Litigation Act, courts have no
discretion in permitting a plaintiff to amend a complaint to
avoid a sua sponte dismissal.") with Gomez v. USAA Fed. Sav.
Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("Although the language
of 1915 is mandatory, stating that 'the court shall dismiss
the case' in the enumerated circumstances, we conclude that a
pro se plaintiff who is proceeding in forma pauperis should be
afforded the same opportunity as a pro se fee-paid plaintiff to
amend his complaint prior to its dismissal for failure to state
a claim . . . "). Given our disposition of the case, we need
not reach the question whether the denial of leave to amend was
required by the PLRA or was otherwise justified as an exercise
of authority under Loc. R. 15.1.
 In particular, we conclude that the original
complaint states a free exercise claim. Cf. Ward v. Walsh, 1
F.3d 873, 877 (9th Cir. 1992) (recognizing that inmates have the
right to be provided with food that satisfies the dietary laws
of their religion). The magistrate recommended dismissal of
this claim because Barnett failed to identify the religion he
practices or allege that consumption of a kosher diet is a
tenet of his religion. Contrary to the position taken by the
magistrate, we think that the missing allegation can be fairly
inferred from facts Barnett does allege. Barnett alleged that
he was required to, and did get, the approval of the chaplain
to receive a kosher diet. A natural inference is that the
chaplain determined that Barnett has a religious need for a
kosher diet. 
 By contrast, we conclude that Barnett's improper-
handling-of-mail claim fails, and that it does so even if one
takes into account allegations in filings subsequent to the
complaint. Cf. Purvis v. Ponte, 929 F.2d 822 (1st Cir. 1991)
(per curiam) (affirming dismissal where magistrate's report
alerted plaintiff to complaint's deficiencies, and plaintiff's
subsequently-tendered filings were not curative). Because the
mail at issue was addressed to Barnett as president of a
corporation and the state defines "contraband" to include
correspondence relating to the operation of a business, prison
officials could permissibly open the envelope and inspect its
contents, notwithstanding the fact that the letter was from an
attorney. See Taylor v. Sterrett, 532 F.2d 462, 475 (5th Cir.
1976) (stating that privileged mail may be searched and seized
if there is "probable cause"). 
 In addition, the delay in delivery was justified
given the address on the envelope, Barnett's refusal to give
permission to a search, and the resulting need to involve other
persons in the decision how to handle the letter. Cf. Lewis v.
Casey, 518 U.S. 343, 361-62 (1996) (delays that are the product
of prison regulations reasonably related to legitimate
penological interests are not of constitutional significance,
even where they result in actual injury); Owen v. Shuler, 466
F. Supp. 5, 7 (N.D. Ind. 1977) ("So long as a delay in mail
delivery is not unreasonable, it does not reach constitutional
dimensions."), aff'd, 594 F.2d 867 (7th Cir. 1979).
 We similarly conclude that Barnett's claim as to
missed meals fails even if one takes into account allegations
in documents subsequent to the complaint. Barnett alleged that
he was denied a meal on five occasions. We agree with the
magistrate that these allegations do not rise to the level of
an Eighth Amendment violation. Barnett made no allegation that
any of the meals he missed were in succession, and, as the
magistrate pointed out, occasionally missing a meal is entirely
consistent with the realities of modern life. We add that
Barnett has alleged no specific facts which would support an
inference that he was being "harassed" for requesting kosher
meals. Cf. Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998)
(refusing to accept purely conclusory pleading on the element
of discriminatory intent).
 As for Barnett's allegations of improper handling of
court mail and his allegations under the ADA, these claims were
raised for the first time in the proposed amended complaint. 
Accordingly, they have not been addressed by the district
court. In light of our decision to remand, we think it
appropriate that Barnett be permitted to file a renewed motion
to amend seeking leave to add these particular allegations. We
express no opinion as to whether these allegations state a
claim.
 Affirmed, in part, and vacated, in part.