USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2088

 HARRY D. BARNETT,

 Plaintiff, Appellant,

 v.

 COMMISSIONER, NH DEPARTMENT OF CORRECTIONS, ETC., ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 Harry D. Barnett on brief pro se.

June 17, 1999

 
 
 Per Curiam. Plaintiff-appellant Harry D. Barnett, a
 New Hampshire state prisoner proceeding in forma pauperis and
 pro se, appeals from the sua sponte dismissal of his complaint
 for failure to state a claim. See 28 U.S.C. 1915A(b)(1). 
 For the following reasons, we vacate, in part, but otherwise
 affirm.
 In his complaint, Barnett asserts claims against
 various prison officials based on alleged cessation of a kosher
 diet, improper handling of attorney mail (including an
 allegation that prison officials delayed delivery and read
 privileged mail), and denial of meals. Barnett subsequently
 sought leave to amend his complaint. The proposed amended
 complaint sought to correct various omissions, to supplement
 the improper-handling-of-mail claim with two new alleged
 instances that had occurred since the filing of the complaint
 (this time, alleged improper handling of court mail, rather
 than attorney mail), and to add a totally new claim under the
 Americans With Disabilities Act, 42 U.S.C. 12101, et seq. 
 A magistrate judge ("magistrate") recommended that
 the complaint be dismissed for failure to state a claim. The
 magistrate subsequently denied the motion to amend for failure
 to comply with Loc. R. 15.1(a) which requires litigants, in
 motions to amend, to identify all that is new and explain why
 it was not included in the prior filing. The district judge,
 after review of Barnett's objections to the magistrate's
 report, adopted the magistrate's recommendation of dismissal.
 Barnett argues that the magistrate judge applied an
 overly stringent standard in evaluating his complaint, and
 that, in any event, he should have been permitted to amend his
 complaint to cure any deficiencies. The circuits are divided
 over whether the Prison Litigation Reform Act ("PLRA")
 eliminates discretion to permit amendment to avoid dismissal. 
 Compare McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir.
 1997) ("Under the Prison Litigation Act, courts have no
 discretion in permitting a plaintiff to amend a complaint to
 avoid a sua sponte dismissal.") with Gomez v. USAA Fed. Sav.
 Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("Although the language
 of 1915 is mandatory, stating that 'the court shall dismiss
 the case' in the enumerated circumstances, we conclude that a
 pro se plaintiff who is proceeding in forma pauperis should be
 afforded the same opportunity as a pro se fee-paid plaintiff to
 amend his complaint prior to its dismissal for failure to state
 a claim . . . "). Given our disposition of the case, we need
 not reach the question whether the denial of leave to amend was
 required by the PLRA or was otherwise justified as an exercise
 of authority under Loc. R. 15.1.
 In particular, we conclude that the original
 complaint states a free exercise claim. Cf. Ward v. Walsh, 1
 F.3d 873, 877 (9th Cir. 1992) (recognizing that inmates have the
 right to be provided with food that satisfies the dietary laws
 of their religion). The magistrate recommended dismissal of
 this claim because Barnett failed to identify the religion he
 practices or allege that consumption of a kosher diet is a
 tenet of his religion. Contrary to the position taken by the
 magistrate, we think that the missing allegation can be fairly
 inferred from facts Barnett does allege. Barnett alleged that
 he was required to, and did get, the approval of the chaplain
 to receive a kosher diet. A natural inference is that the
 chaplain determined that Barnett has a religious need for a
 kosher diet. 
 By contrast, we conclude that Barnett's improper-
 handling-of-mail claim fails, and that it does so even if one
 takes into account allegations in filings subsequent to the
 complaint. Cf. Purvis v. Ponte, 929 F.2d 822 (1st Cir. 1991)
 (per curiam) (affirming dismissal where magistrate's report
 alerted plaintiff to complaint's deficiencies, and plaintiff's
 subsequently-tendered filings were not curative). Because the
 mail at issue was addressed to Barnett as president of a
 corporation and the state defines "contraband" to include
 correspondence relating to the operation of a business, prison
 officials could permissibly open the envelope and inspect its
 contents, notwithstanding the fact that the letter was from an
 attorney. See Taylor v. Sterrett, 532 F.2d 462, 475 (5th Cir.
 1976) (stating that privileged mail may be searched and seized
 if there is "probable cause"). 
 In addition, the delay in delivery was justified
 given the address on the envelope, Barnett's refusal to give
 permission to a search, and the resulting need to involve other
 persons in the decision how to handle the letter. Cf. Lewis v.
 Casey, 518 U.S. 343, 361-62 (1996) (delays that are the product
 of prison regulations reasonably related to legitimate
 penological interests are not of constitutional significance,
 even where they result in actual injury); Owen v. Shuler, 466
 F. Supp. 5, 7 (N.D. Ind. 1977) ("So long as a delay in mail
 delivery is not unreasonable, it does not reach constitutional
 dimensions."), aff'd, 594 F.2d 867 (7th Cir. 1979).
 We similarly conclude that Barnett's claim as to
 missed meals fails even if one takes into account allegations
 in documents subsequent to the complaint. Barnett alleged that
 he was denied a meal on five occasions. We agree with the
 magistrate that these allegations do not rise to the level of
 an Eighth Amendment violation. Barnett made no allegation that
 any of the meals he missed were in succession, and, as the
 magistrate pointed out, occasionally missing a meal is entirely
 consistent with the realities of modern life. We add that
 Barnett has alleged no specific facts which would support an
 inference that he was being "harassed" for requesting kosher
 meals. Cf. Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998)
 (refusing to accept purely conclusory pleading on the element
 of discriminatory intent).
 As for Barnett's allegations of improper handling of
 court mail and his allegations under the ADA, these claims were
 raised for the first time in the proposed amended complaint. 
 Accordingly, they have not been addressed by the district
 court. In light of our decision to remand, we think it
 appropriate that Barnett be permitted to file a renewed motion
 to amend seeking leave to add these particular allegations. We
 express no opinion as to whether these allegations state a
 claim.
 Affirmed, in part, and vacated, in part.