**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, et al.**

v.

**AEROSPACE DIVISION, UOP, INC.**

**Civ. No. H–83–936 (PCD).**

United States District Court, D. Connecticut.

Feb. 16, 1984.

H. Victor Hansen, Walter J. Kruger, III, Atlanta, Ga., for defendant.

Burton S. Rosenberg, Hamden, Conn., for plaintiffs.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff has been the bargaining agent for employees of defendant. A collective bargaining agreement between the parties was in effect from July 26, 1980, with an expiration date of July 22, 1983. Negotiation of the terms of a new agreement commenced, the union having given notice on

May 12, 1983, of its wish to terminate the then existing contract. The parties executed a separate agreement by which the earlier contract was extended to expire on September 23, 1983. No further agreement appears nor is claimed. The parties negotiated until September 24, 1983, when a union meeting was held to permit defendant's employees to vote on a proposed contract. The record does not reflect that the results of that vote are undisputed except that no strike was apparently authorized. Several of the proposals considered represented changes in the terms of the prior contract. The union declined to execute a written draft of a contract proffered by defendant. After September 24, 1983, defendant implemented several terms of employment different from those previously in effect which it asserts were proper by reason of their having been agreed upon and that the vote on September 24, 1983, approved them. Even if not agreed to in the course of the negotiation or in subsequent discussions with one of plaintiff's agents, defendant claims that with the expiration of all contracts as of September 24, 1983, and as not in conflict with its duty to bargain under Section 8(d) of the National Labor Relations Act, 29 U.S.C. § 158(d) (NLRA), it was entitled to implement the changes.

It is that implementation that prompts plaintiff's claims for relief herein on the basis that defendant, in violation of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. ¶ 185 (LMRA), breached a collective bargaining agreement. Plaintiff concedes the basic facts set forth above, but claims several legal principles sustain its assertion of this court's jurisdiction, namely:

1. The court has jurisdiction over violations of a collective bargaining agreement. Section 301 (LMRA).

2. A collective bargaining agreement is extended by the willingness of one party to continue to bargain toward a replacement contract. Section 8(d) (NLRA).

3. There is no impasse in a negotiation when one party is ready, willing, able and available to negotiate a collective bargaining agreement. *Seattle-First Nat'l Bk. v. NLRB,* 638 F.2d 1221 (9th Cir.1981).

Plaintiff has filed grievances with respect to the implementation invoking procedures in the prior contract which plaintiff claims continues in force.[1,2] On the other hand and at odds with its continuing contract theory and this court's jurisdiction, plaintiff has also filed an unfair labor practice complaint with the National Labor Relations Board on the basis that the board has jurisdiction over failures to bargain in good faith. The board has refused to issue a complaint.

Defendant has moved to dismiss the complaint under Rule 12(b)(1), Fed.R.Civ.P., on the ground that the court is without jurisdiction as the claims herein are exclusively within the jurisdiction of the NLRB, citing *San Diego Bldg. & Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). For the reasons set forth herein, defendant's motion is granted.

The parties concur no contract existed after September 23, 1983, by virtue of actual agreement of the parties. "[T]here is no agreement in effect." Plaintiff's Memorandum, p. 10. What plaintiff does claim is

1. If plaintiff sought a court order to compel arbitration of these grievances, it would face the holding of the Second Circuit that where "... the period of the extension has also expired, there is no ground whatever for considering that the old agreement still governs relation of the parties." *Procter & Gamble Independent Union v. Procter & Gamble Mfg. Co.,* 312 F.2d 181, 184 (2d Cir.1962), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963).

2. While on its face plaintiff's action would appear consistent with this claim of a continuing contract, the seeking of the ultimate relief claimed in this action may yet be at odds with plaintiff's continuing contract theory. Plaintiff does not here demand enforcement of the grievance right. No relief appears to have been achieved through nor denied in relation to the grievance. If such a procedure exists under a viable contract, seemingly plaintiff would be obliged to exhaust that procedure. or sue to enforce it. It does not appear to have done so.

that the status quo, that is the terms of the prior contract are continued in force as the result of Section 8(d) (NLRA) because "the National Labor Relations Act requires that the defendant maintain the status quo." Plaintiff's Memorandum, p. 10. The theory is that breach of the contract thus preserved comes within the purview of Section 301 (LMRA). The question thus presented may be decided as a matter of law.

■ Plaintiff suggests that the contract remains in force during its willingness to bargain, that is until impasse. Plaintiff has cited no case to sustain this position. Indeed the law appears to be to the contrary. If the employer "... did bargain in good faith, [the NLRB] must *then* address the question of whether an impasse was reached before the unilateral changes in wages and working conditions. If not, there would be an independent violation of the duty to bargain in good faith." *Seattle-First Nat'l Bk.*, 638 F.2d at 1227–28 (emphasis added; footnote omitted) (cited by plaintiff but clearly inapposite). Thus whether the bargaining of the parties is short of impasse is immaterial to whether the prior contract has concluded as a matter of law. That question is material to the duties of the parties in the bargaining process which is controlled by the NLRA and not the LMRA.

Section 8(d) of the NLRA creates a duty to bargain which plaintiff transposes into continued contractual duties. From that transposition it is but a short skip in logic to invoke the LMRA to enforce a labor agreement. Contrary to plaintiff's bald assertion, there is no contract and there has been none since September 23, 1983. "[A]n employer is always free *after termination of the contract* to unilaterally change conditions previously established by the contract. In this sense there is no 'survival.'" *NLRB v. Cone Mills Corp.*, 373 F.2d 595, 598 (4th Cir.1975) (emphasis added). There can be no action under LMRA to enforce a non-existent contract. Jurisdiction under the LMRA extends only to breaches of contracts. Section 301 (LMRA), 29 U.S.C. § 185(a). Absent a contract, jurisdiction

over the relations between an employer and the representative of its employees is vested in the NLRB. *San Diego Bldg. Trades*, 359 U.S. at 245, 79 S.Ct. at 779.

■ Sections 8(d) and 8(a)(5) of the NLRA create a duty to bargain and in good faith. Plaintiff's objection is to the unilateral implementation of new or changed terms or conditions of employment, all occurring after September 23, 1983. A unilateral change in conditions of employment "... is a violation of § 8(a)(5) [LMRA] since it is 'a circumvention of the duty to negotiate.' *NLRB v. Katz*, 369 U.S. 736, 743, 82 S.Ct. 1107, 1111, 8 L.Ed.2d 230 ... (1962)." *Seattle-First Nat'l Bk.*, 638 F.2d at 1227. The contract is concluded, *Procter & Gamble Independent Union*, 312 F.2d at 184, and its terms have no force in relation to the bargaining conduct of the defendant. *Id.* at 188–89. If defendant has violated a duty, it is the duty to bargain in good faith over which the NLRB has exclusive jurisdiction. *NLRB v. Allied Products Wheel Corp.*, 548 F.2d 644 (6th Cir.1977); *Stone Boatyard v. NLRB*, 715 F.2d 441 (9th Cir.1983); *NLRB v. Pacific Grinding Co.*, 572 F.2d 1343 (9th Cir.1978); *Aaron Brothers Co. v. NLRB*, 661 F.2d 750 (9th Cir.1981); *Metro Media, Inc. v. NLRB*, 586 F.2d 1182 (8th Cir.1978); *NLRB v. Borg Warner Corp.*, 663 F.2d 666 (6th Cir.1981), *cert. denied*, 457 U.S. 1105, 102 S.Ct. 2903, 73 L.Ed.2d 1313 (1982).

It is appropriate to note that the cases relied on by the plaintiff were in largest part appeals from the NLRB where they had been handled as unfair labor practices under the jurisdiction of that board and not under Section 301 (LMRA). None of the plaintiff's cases appear to be supportive of the plaintiff's claim to relief under the facts of this case under LMRA, specifically, *Seattle-First Nat'l Bk.*, 638 F.2d at 1227, and *NLRB v. Haberman Const. Co.*, 618 F.2d 288, 295, 302 (5th Cir.1980).

■ That the NLRB has here refused to issue a complaint based on the plaintiff's claims, being the same as asserted here, does not alter the exclusive jurisdiction of the NLRB over unfair labor practices.

*Lodge 76 v. Wisconsin Employment Relations Committee,* 427 U.S. 132, 154, 96 S.Ct. 2548, 2560, 49 L.Ed.2d 396 (1976); *Guss v. Utah Labor Relations Board,* 353 U.S. 1, 5, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957).

Thus plaintiff's claim for relief is not within the cloak of the LMRA, which provides for the supervision of contract performance, but of the NLRA, which provides for the supervision of contract negotiation, and this court is without jurisdiction. Even if plaintiff came to this court before it took the same claims to the NLRB the result would be no different.

Defendant's Motion to Dismiss must be granted.

SO ORDERED.