790 F.2d 59
 122 L.R.R.M. (BNA) 2826, 104 Lab.Cas. P 11,965
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO.
22 PLANS A & B; International Brotherhood of Electrical
Workers, Local No. 22 Health & Welfare Plan; International
Brotherhood of Electrical Workers, Local No. 22 Vacation
Plan; International Brotherhood of Electrical Workers,
Local No. 22 Training & Education Fund; National Electrical
Benefit Fund; and International Brotherhood of Electrical
Workers, Local No. 22, Appellants,
v.
NANCO ELECTRIC, INC., a Nebraska corporation, Appellee.
 No. 85-2019.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 14, 1986.
Decided May 9, 1986.
Rehearing and Rehearing En Banc Denied June 10, 1986.
 
 M.H. Weinberg, Omaha, Neb., for appellants.
 J. Russell Derr, Omaha, Neb., for appellee.
 Before ARNOLD, Circuit Judge, TIMBERS,* Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 International Brotherhood of Electrical Workers, Local No. 22, and various trust funds established by the union for the benefit of its members appeal the district court's dismissal of its action against Nanco Electric, Inc. (Nanco). The union sought to compel Nanco to contribute to these trust funds under an expired collective bargaining agreement.
 
 
 2
 The district court held that because the collective bargaining agreement had expired, the court lacked jurisdiction to compel contributions to the trust funds. See 29 U.S.C. Sec. 185(a). We affirm.
 
 
 3
 Nanco and the union entered into a collective bargaining agreement which began on June 1, 1982, and which ended on May 31, 1983. By mutual agreement, the labor agreement was extended until May 31, 1984.
 
 
 4
 During the second year of the collective bargaining agreement, Nanco became delinquent on contributions to the union's trust funds. On December 23, 1983, Nanco notified the union that Nanco intended to revoke its letter of assent authorizing National Electric Contractors Association, Inc., to act as its collective bargaining representative. Nanco then refused to contribute to the trust funds, claiming that it was no longer bound by the terms of the collective bargaining agreement.
 
 
 5
 The union filed this action seeking specific performance of the agreement. After filing this action, the parties settled an unfair labor practice charge pending before the National Labor Relations Board. The settlement required Nanco to pay the delinquent amounts to the trust funds.
 
 
 6
 Under a joint stipulation filed in the district court, the parties stipulated that the collective bargaining agreement expired on May 31, 1984, and that all amounts owing to the trust fund before the agreement expired had been paid. After the collective bargaining agreement expired, Nanco and the union began negotiations on a new agreement.
 
 
 7
 At trial, neither party requested arbitration within the framework of the collective bargaining agreement. Hence, the only issue before the district court was whether the court should order Nanco to contribute to the trust funds under the expired collective bargaining agreement pending negotiations on a new agreement.
 
 
 8
 The district court held that Nanco properly terminated the agreement. Therefore, the court concluded that any claim the union had regarding Nanco's failure to contribute to the trust funds after the collective bargaining agreement expired was an unfair labor practice within the exclusive jurisdiction of the National Labor Relations Board. See Laborers Health & Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., 779 F.2d 497, 500 (9th Cir.1985) (citing Cement Masons Health and Welfare Trust Fund for Northern California v. Kirkwood-Bly, Inc., 520 F.Supp. 942 (N.D.Cal.1981), aff'd, 692 F.2d 641 (9th Cir.1982)).
 
 
 9
 The union then filed a motion for new trial, claiming that the district court had jurisdiction to order mandatory arbitration under Article I of the collective bargaining agreement. The court denied the motion, concluding that it may only order arbitration of disputes which "arise under" the contract. Because any obligation by Nanco to contribute to the trust funds after the agreement's expiration did not arise under the contract, the court held that the union was not entitled to arbitration.
 
 
 10
 On appeal, the union no longer seeks specific performance of the expired collective bargaining agreement to collect trust fund payments that accrued after its expiration. Rather, the union now seeks specific performance of the arbitration clause in the expired agreement.
 
 
 11
 We agree with the union that the parties may arbitrate disputes that arise under the collective bargaining agreement, but are based on events that occur after its termination. See, e.g., Nolde Brothers, Inc. v. Local 358, Bakery & Confectionery Workers, 430 U.S. 243, 252-53, 97 S.Ct. 1067, 1072-73, 51 L.Ed.2d 300 (1977); Chauffeurs, Teamsters and Helpers Local 238 v. C.R.S.T., Inc., 780 F.2d 379, 381 (8th Cir.1985), reh'g granted 788 F.2d 494 (8th Cir.1986); Garland Coal & Mining Co. v. United Mine Workers of America, 778 F.2d 1297, 1301 (8th Cir.1985). Furthermore, the district court has jurisdiction to determine if the arbitration clause was effective after the expiration of the agreement, and if so, to compel arbitration. Hotel & Restaurant Employees Local 703 v. Williams, 752 F.2d 1476, 1478 (9th Cir.1985).
 
 
 12
 Here, however, the district court specifically held that any dispute over post-expiration contributions to the trust fund did not "arise under" the contract, and therefore, the union was not entitled to arbitration of this issue. The union does not challenge this determination on appeal.
 
 
 13
 The union argues, however, for the first time on appeal that the district court had jurisdiction to order the parties to arbitrate the terms of the new agreement including the provision for trust fund payments under the interest arbitration clause in the expired agreement. See, e.g., Sheet Metal Workers International Association Local 420 v. Huggins Sheet Metal, Inc., 752 F.2d 1473, 1475-76 (9th Cir.1985); Williams, 752 F.2d at 1478-79. " 'Interest arbitration' is arbitration over new contract terms [and is] distinct from 'grievance arbitration,' which covers disputes regarding compliance with an existing agreement." International Brotherhood of Electrical Workers Local 367 v. Graham County Electric Cooperative, Inc., 783 F.2d 897, 899 (9th Cir.1986) (citing Huggins Sheet Metal, 752 F.2d at 1474 n. 1). In Huggins Sheet Metal and in Williams, the parties had reached an impasse in negotiations on the new agreement, and the unions sought interest arbitration under their respective collective bargaining agreements.
 
 
 14
 Assuming that the arbitration clause in the contract before us provides for interest arbitration, we conclude that the issue is not properly before us. From a review of the record, we find that the issue of interest arbitration was never raised in the district court. At trial, the parties were still in negotiations on a new agreement, and neither party had requested interest arbitration.
 
 
 15
 In its complaint and at trial, the union sought payments by Nanco to their trust funds under the collective bargaining agreement. After the agreement expired and the parties began negotiations on a new agreement, the union did not amend its complaint to seek interest arbitration of provisions for the new agreement, nor did it otherwise raise this issue to the district court. On the contrary, the union sought contributions to the trust funds under the expired agreement. The union cannot now raise the issue of interest arbitration for the first time on appeal. Hubbard Broadcasting, Inc. v. Southern Satellite Systems, Inc., 777 F.2d 393, 404 (8th Cir.1985).
 
 
 16
 The union also requested an award of attorneys' fees based upon collection from Nanco of the delinquent amounts under the trust fund before expiration of the collective bargaining agreement. The district court did not award attorneys' fees to the union.
 
 
 17
 The union argues the district court committed error, because attorneys' fees are mandatory in any case to collect delinquent contributions by the employer to an employee pension plan under a collective bargaining agreement in which judgment in favor of the plan is awarded. See 29 U.S.C. Secs. 1132(g)(2)(D), 1145; Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir.1984). Apparently, the union claims that this lawsuit acted as a catalyst for collection of the delinquent trust funds before expiration of the collective bargaining agreement.
 
 
 18
 From a review of the record, we find that the union's attorney specifically declined to seek attorneys' fees for collection of these funds. The parties entered into a settlement of the unfair labor practice charge requiring Nanco to pay the amount of the delinquent contributions owing at the time the collective bargaining agreement expired. Before trial, the union's attorney told the district court that the delinquent contributions before expiration had been "paid and settled." When the district court asked if the union's attorney was claiming attorneys' fees on those contributions, he specifically stated, "No, I'm not, on those items." Transcript at 4. Hence, we conclude that the district court properly refused to award the union attorneys' fees.
 
 
 19
 Accordingly, we affirm the district court's decision in all respects.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation